**PUBLIC SERVICE COMMISSION FOR the STATE OF NEW YORK,**
Petitioner,

v.

**FEDERAL POWER COMMISSION,**
Respondent,

Humble Oil & Refining Company et al.,
Intervenors.

No. 71-1298.

United States Court of Appeals,
District of Columbia Circuit.

Argued March 3, 1972.

Decided April 11, 1972.

As Amended April 12, 1972.

Mr. Richard A. Solomon, Washington, D. C., with whom Mr. Joseph J. Klovekorn, Albany, N. Y., was on the brief, for petitioner.

Mr. Leo E. Forquer, Sol., F.P.C., with whom Messrs. Gordon Gooch, Gen. Counsel, J. Richard Tiano, First Asst. Sol., and William P. Diener, Atty., F.P.C., were on the brief, for respondent.

Messrs. Martin N. Erck, Houston, Tex., John R. Rebman, Bartlesville, Okl., Warren M. Sparks, B. James McGraw, Tulsa, Okl., Thomas G. Johnson, Dan A. Bruce, Houston, Tex., Kenneth Heady, John L. Williford, Bartlesville, Okl., Edwin S. Nail, Tulsa, Okl., and Tom Burton, Houston, Tex., were on the brief for intervenors Humble Oil & Refining Co., Gulf Oil Corp. and Warren Petroleum Corp., Shell Oil Co., Phillips Petroleum Co., Amerada Hess Corp., and Continental Oil Co.

Messrs. William H. Emerson, Tulsa, Okl., Carroll L. Gilliam and Philip R. Ehrenkranz, Washington, D. C., were on

the brief for intervenor Amoco Production Co.

Before LEVENTHAL and ROBINSON, Circuit Judges, and JAMES F. GORDON,* Chief Judge, U. S. District Court for the Western District of Kentucky.

PER CURIAM:

The Federal Power Commission, after a rule-making proceeding, issued an order that changed its prior policy in regard to suspensions of rate increases filed by natural gas producers, and in regard to temporary certificates issued to producers offering new supplies of gas. Instead of a general policy of 5-month suspensions, as permitted by Congress in § 4(e) of the Natural Gas Act,[1] the FPC adopted a general policy of one-day suspensions, which preserved its ability to order refunds after hearing, but permitted the increased rate to become effective promptly. This change was in the public interest, the FPC concluded, in view of inflationary conditions in the natural gas industry, and recently intensified requirements of natural gas. As issued on February 18, 1971, Order No. 423 provided:

(A) Section 2.56, in Part 2, General Policy and Interpretations, Chapter I, Title 18 of the Code of Federal Regulations, is amended by adding a new paragraph (g) to read as follows:

§ 2.56 Area price levels for natural gas sales by independent producers.

\* \* \* \* \* \*

(g) If the Commission decides to suspend a rate change filing made by an independent producer under Section 4(d) of the Natural Gas Act, and such rate change is filed at least 60 days prior to its proposed effective date, the suspension period will be one day from the proposed effective date, or one day from the date of initial delivery, whichever is later, unless the Commission waives the notice period required herein or imposes a longer suspension period.

Petitions for reconsideration were filed, *inter alia,* by petitioner Public Service Commission of New York and by a distributing utility, Philadelphia Gas Works Division of UGI Corporation. On reconsideration, the FPC modified its previous action by an order dated March 22, 1971, so as to provide a full five-month suspension period for certain rate increases. In the statement accompanying this order the FPC set forth (footnotes omitted):

The general reasons for shortening suspension periods for producer rate filings are discussed in Order No. 423. No useful purpose would be served by repeating that discussion here.

New York and PGW, however, also object to the shortened suspension periods in certain specified rate proceedings. These proceedings involve 39 sales in the Gulf Coast Area (Texas R.R. Dist. Nos. 2, 3 and 4) where the producers have sought increased rates ranging from 16¢ to 28¢ per Mcf and one sale from Texas R.R. Dist. No. 6, which is in the Other Southwest Area, where the producer seeks an increased rate of 19¢ per Mcf. Most of these sales are old sales. Of the 40 proposed increased rates in the Gulf Coast Area, one is at 28¢, three are at 25¢, five are at 24.-25¢, four are at 22¢, and the remainder are at or below 21¢. Both the *Gulf Coast* and the *Other Southwest* cases are pending before this Commission on exceptions to initial decisions by Presiding Examiners. The just and reasonable rates for sales in these areas should therefore be determined soon.

In the meantime, however, we believe the February 18 order should be modified so as to withdraw the shortened suspension period for those increased rates which are in excess of 21¢ per Mcf. As a result, those in-

* Sitting by designation pursuant to 28 U.S.C. § 292(c) (1970).

1. 15 U.S.C. § 717c(e).

creased rates above 21¢ per Mcf will remain under suspension for the full five month period previously ordered prior to the February 18 order.

We do not mean by our action to suggest either that proposed rates not in excess of 21¢ per Mcf are just and reasonable or that proposed rates in excess of 21¢ per Mcf are necessarily not just and reasonable. We believe, however, that where the proposed rate for a sale of gas of the vintage involved here in the Gulf Coast Area exceeds 21¢ per Mcf, the ultimate consumer is entitled to the protection of a full five month suspension period. The rate of 21¢ per Mcf corresponds to the 22.375¢ per Mcf rate limitation established for increased rate filings in Southern Louisiana.

Similarly, there are certain other sales in Permian,. Mississippi, Texas R.R. Dist. Nos. 2, 3, 4 and 6, and the Aneth-Utah Area, which were not specifically mentioned by New York or PGW, involving proposed increased rates above the corresponding limitations imposed in Southern Louisiana. These proposed increased rates shall also remain under suspension for the full five month period previously ordered.

■■ The case is before us on a petition to review FPC's Order 423, as revised. Certain jurisdictional questions may readily be resolved. This court has jurisdiction of an "order" entered in a rule-making proceeding. City of Chicago, Illinois v. FPC, 147 U.S.App.D.C. 312, 458 F.2d 731 (1971). We reject the claim, raised in the brief for Amoco Pro-

duction Company, that this appeal is premature.

■ Another jurisdictional question is related to our decision in Municipal Light Boards of Reading and Wakefield, Massachusetts v. FPC, 146 U.S.App.D.C. 294, 450 F.2d 1341 (1971), cert. denied, 405 U.S. 989, 92 S.Ct. 1251, 31 L.Ed.2d 455 (1972). We there held· that this court does not have jurisdiction to review the FPC's exercise of discretion to grant a one-day suspension, in the absence of a claim of violation of a plain statutory mandate, or of error on the face of the record.

The ruling in *Municipal Light Boards* is not dispositive as to the case at bar. There is a contention here that the statute contemplates a five-month suspension as the "norm," and that the order under appeal violates that plain statutory directive.[2] Another contention is that the FPC order now challenged is invalid on the face of the record. The contention is that since the law entrusts to the FPC the function of exercising its discretion as to suspension determinations, it cannot abdicate that function by adopting a general policy of one-day suspensions.

Petitioner does not claim that the FPC must look into each case afresh and de novo. It agrees that producer regulation reasonably requires a general rather than a particular approach, *cf.* Permian Basin Area Rate Cases, 390 U. S. 747, 88 S.Ct. 1344, 20 L.Ed.2d 312 (1968). Petitioner also agrees that the guidelines set some years ago, for deciding at what triggering points to suspend new rate increases, are not frozen, and

2. Appellant's position is that the suspension provisions of the Natural Gas Act should be read *in pari materia* with similar provisions of the Mann-Elkins Act of 1910, 36 Stat. 552, and the Interstate Commerce Act, 49 U.S.C. § 15(7), where the suspension provisions were looked upon as a compromise "between the interests of the public in deferring the effectiveness of rate increases which had been set for hearing until the completion of agency proceedings, and the carriers fears

that any suspension would deprive them of allegedly justified increases." Petitioner's brief, pp. 10–11. Appellant believes that, in recognition of this statutory compromise, the Commission has on several occasions indicated that the five-month limitation was not only a ceiling on its suspension power, but mandated the normal period of suspension as well. Yucca Petroleum Co., 29 FPC 211 (1963), Placid Oil Co., 38 FPC 575 (1967).

that the FPC may revise the price levels that will trigger suspensions in the light of today's economic conditions of rising costs and supply needs. But petitioner contends it is inherently unreasonable for the FPC to determine on a general policy of suspensions effective for only one day, that is applicable without regard to the level reached in the application for increased prices.

The FPC counsel tells us at oral argument that the FPC's action on reconsideration did in fact adopt the approach that petitioner says is requisite, and evolved a limit as to what increases would be governed by the approach of using only a one-day suspension, and that for any higher filing, the FPC general approach is to order a five-month suspension.

It thus appears that we may have a judicial case without a real controversy. The question, is as to the intendment and effect of the FPC order as modified on reconsideration. The order announcing a new policy on suspension is general throughout the country. The amendment on reconsideration refers to price cut-offs in particular areas that will render that new policy inapplicable. FPC counsel puts it that this implies that the same policy will be applied to other areas of the country, and states that five-month suspension orders issued by the FPC, shortly prior to oral argument in this court, exemplify that interpretation.

We think the sound course in the interest of justice is to remand the proceeding to the FPC to clarify its intention, and to enter such amendments of its order as may be appropriate in accordance with such clarification. This may serve to obviate the pending appeal. In any event, it will clarify the focus of the appeal if it is continued.

At the same time, the court requests clarification of the order's application to temporary certificates. Petitioner has made the contention that the order is invalid because it permits a producer to obtain a temporary certificate without limitation on the price to be charged, in the sense that a producer may obtain a temporary certificate on the basis of an initially acceptable price, may thereafter file an application for a price increase which will go into effect after a suspension of at most a 5-month period, subject only to the inadequate remedy of refund on an eventual determination. Petitioner contends that this procedure is contrary to the Commission's duty to protect the public interest by appropriate price conditions in certificates, see Atlantic Refining Co. v. Public Service Commission of New York, 360 U.S. 378, 79 S.Ct. 1246, 3 L.Ed.2d 1312 (1959), and by appropriate conditions in temporary certificates, see FPC v. Hunt, 376 U.S. 515, 84 S.Ct. 861, 11 L.Ed.2d 878 (1964). The court is not clear as to whether the Commission's order and approach permit such action by a producer, and the FPC is requested to provide clarification.

The proceeding is remanded to the Commission to provide clarification sought by the court as to the scope and intendment of its order, and of the accompanying regulatory approach, on which the validity of the order may depend. The Commission is authorized on remand to make such amendments of its order and of the basis of its order as it may deem appropriate.

So ordered.